No Parties Added
No Summons Issued

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION
WELFARE, PENSION and ANNUITY FUNDS and
TEAMSTERS LOCAL 445 EDUCATION and TRAINING
FUND,

                      Plaintiff,

        - against -

CSERVAK ENTERPRISES, INC.,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 07 Civ. 0638
(KMK)(LMS)

**SECOND AMENDED
COMPLAINT**

       PLAINTIFF, ADRIAN HUFF, as Chairman of the Board of Trustees of **TEAMSTERS**

**LOCAL 445 CONSTRUCTION DIVISION WELFARE** (Welfare Fund), **PENSION** (Pension

Fund), **AND ANNUITY FUNDS** (Annuity Fund) and **TEAMSTERS LOCAL 445 EDUCATION**

**AND TRAINING FUND** (Education and Training Fund)(collectively referred to as the Funds), by

his attorneys, **SAPIR & FRUMKIN LLP**, as and for his Second Amended Complaint, alleges as

follows:

### NATURE OF THE CASE

       1.     This is an action brought by the Funds to collect contributions owed as a result of a

breach of a collective bargaining agreement (CBA) pursuant to § 301 of the Labor Management

Relations Act of 1947, as amended (LMRA), 29 U.S.C. § 185.  The Funds also sue pursuant to the

Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001, *et seq.*

### JURISDICTION

       2.     This Court has subject matter jurisdiction of the claims brought by the Funds pursuant

to §§ 502(e)(1) and (f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301(c) of LMRA, 29 U.S.C. § 185(c).

## VENUE

3.      The Southern District of New York is the proper venue for the Funds' claims pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are administered in Newburgh, Orange County, New York within this District and for all claims pursuant to  § 301 of the LMRA, 29 U.S.C. § 185, in that the work performed pursuant to the CBA occurred within this District.

## THE PARTIES

4.      The Welfare Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(1) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

5.      The Welfare Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6.      The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

7.      The Pension Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

8.      The Annuity Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A), and is a

2

jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

9.     The Annuity Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

10.     The Education and Training Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37) of ERISA, 29 U.S.C. §§ 1002(2) and (37), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

11.     The Education and Training Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

12.     The Funds are third-party beneficiaries under a CBA pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

13.     The Funds have been established by their respective Declarations of Trust (Trust Agreements) and pursuant to CBAs, entered into between Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (the Union) and certain employers and employer associations whose employees are or were covered by one or more CBAs.

14.     Plaintiff Adrian Huff is Chairman of the Funds. The Funds are administered at their offices in Newburgh, Orange County, New York.

15.     The Funds are maintained and administered in accordance with and pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, the Trust Agreements, which established the Funds, and also pursuant to the terms and provisions of the CBAs.

3

16.    Upon information and belief, and at all times material hereto, defendant Cservak Enterprises, Inc. (Defendant) was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), and § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5).

17.    Upon information and belief, and at all times material hereto, Defendant was and is a for-profit corporation having its principal place of business at 2 West Academy Street, Wappingers Falls, New York 12590, and is authorized to do business in New York.

18.    Upon information and belief, and at all times material hereto, Defendant was and is an employer engaged in, *inter alia*, the construction industry and conducts business in the State of New York.

## STATEMENT OF FACTS

19.    At all times material, up to this time, Defendant entered into a CBA with the Union. The CBA and Trust Agreements provided that, *inter alia*, Defendant would make timely payment of contributions to the Funds on behalf of employees of Defendant within the bargaining unit represented by Local 445.

20.    Pursuant to the CBA and Trust Agreements, the Funds are empowered to conduct an audit of Defendant's books and records to determine whether defendant is in compliance with its obligation to contribute to the Funds.

21.    On September 20, 2007, Thomas Lindgren, CPA, of the accounting firm Berardi, Lindgren, Gottstine, & Miller, CPAs, P.C. (BLGM), conducted an audit (Audit) of Defendant's payroll records for the period from January 1, 2004 through September 6, 2007.

4

***Delinquent Monthly Contributions***

22.      Despite the passage of dates on which Defendant was required to pay contributions, and despite the Welfare Fund's demand, Defendant has failed, neglected, and refused to pay to the Welfare Fund contributions due in the amount of $29,981.81 for the periods from September 2004 through December 2004,  November 2005, January 2006, and April 2006 through October 2006.

23.      Despite the passage of dates on which Defendant was required to pay contributions, and despite the Pension Fund's demand, Defendant has failed, neglected, and refused to pay to the Pension Fund contributions due in the amount of $28,138.45 for the periods from September 2004 through December 2004,  November 2005, January 2006, and April 2006 through October 2006.

24.      Despite the passage of dates on which Defendant was required to pay contributions, and despite the Annuity Fund's demand, Defendant has failed, neglected, and refused to pay to the Annuity Fund contributions due in the amount of $28,380.00 for the period from September through December 2004,  November 2005, January 2006, and April 2006 through October 2006.

25.      Despite the passage of dates on which Defendant was required to pay contributions, and despite the Education and Training Fund's demand, Defendant has failed, neglected, and refused to pay to the Education and Training Fund contributions due in the amount of $851.41 for the periods from September 2004 through December 2004,  November 2005, January 2006, and April 2006 through October 2006.

26.      As a result of Defendant's failure to make timely payment of contributions for the periods September through December 2004, November 2005, January 2006, and April 2006 through October 2006, defendant is responsible for a ten percent late charge on the balance of unpaid, delinquent Welfare, Pension, Annuity and Education and Training Fund contributions.

5

27.    Despite its obligation to pay late charges for untimely paid contributions which Defendant was required to pay for unpaid, delinquent Welfare, Pension, Annuity and Education and Training contributions for the periods from September 2004 through December 2004, November 2005, January 2006, and April 2006 through October 2006, and despite the Funds' demand, Defendant failed to make payment of late charges owed in the amount of $8,735.17.

### Delinquent Late Charges

28.    Despite the fact that Defendant paid contributions to the Welfare Fund for the periods from April 2003 through January 2004, April 2004 through September 2004, and March 2005 through October 2005, Defendant failed to pay timely contributions to the Welfare Fund during these periods. As such, Defendant was assessed late charges for the late contribution payments in the amount of $6,574.70. Defendant has failed, neglected, and refused to pay this amount.

29.    Despite the fact that Defendant paid contributions to the Pension Fund for the periods from April 2003 through January 2004, April 2004 through September 2004, and March 2005 through October 2005, Defendant failed to pay timely contributions to the Pension Fund during these periods. As such, Defendant was assessed late charges for the late contribution payments in the amount of $3,487.68. Defendant has failed, neglected, and refused to pay this amount.

30.    Despite the fact that Defendant paid contributions to the Annuity Fund for the periods from April 2003 through January 2004, April 2004 through September 2004, and March 2005 through October 2005, Defendant failed to pay timely contributions to the Annuity Fund during these periods. As such, Defendant was assessed late charges for the late contribution payments in the amount of $5,296.37. Defendant has failed, neglected, and refused to pay this amount.

6

31.     Despite the fact that Defendant paid contributions to the Education & Training Fund for the periods from April 2003 through January 2004, April 2004 through September 2004, and March 2005 through October 2005, Defendant failed to pay timely contributions to the Education & Training Fund during these periods.  As such, Defendant was assessed late charges for the late contribution payments in the amount of $118.56.  Defendant has failed, neglected, and refused to pay this amount.

### Underreported Hours and Outstanding Contributions

32.     According to the Audit, Defendant underreported the hours worked by Defendant's employees for the period from January 1, 2004 through September 6, 2007.  Accordingly, Defendant underpaid the contributions due to the Welfare Fund for the period from January 1, 2004 through September 6, 2007 in the amount of $44,593.91.

33.     According to the Audit, Defendant underreported the hours worked by Defendant's employees for the period from January 1, 2004 through September 6, 2007.  Accordingly, Defendant underpaid the contributions due to the Pension Fund for the period from January 1, 2004 through September 6, 2007 in the amount of $50,289.35.

34.     According to the Audit, Defendant underreported the hours worked by Defendant's employees for the period from January 1, 2004 through September 6, 2007.  Accordingly, Defendant underpaid the contributions due to the Annuity Fund for the period from January 1, 2004 through September 6, 2007 in the amount of $44,745.00.

35.     According to the Audit, Defendant underreported the hours worked by Defendant's employees for the period from January 1, 2004 through September 6, 2007.  Accordingly, Defendant underpaid the contributions due to the Education and Training Fund for the period from January 1, 2004 through September 6, 2007 in the amount of $1,322.51.

7

*Contribution Calculation Errors and Outstanding Contributions*

36.     According to the Audit, Defendant erred in its calculation of contributions for the timer period from July 2005 through October 2005. Accordingly, Defendant underpaid the contributions due to the Welfare Fund for the period from July 2005 through October 2005 in the amount of $380.00.

37.     According to the Audit, Defendant erred in its calculation of contributions for the timer period from July 2005 through October 2005. Accordingly, Defendant underpaid the contributions due to the Pension Fund for the period from July 2005 through October 2005 in the amount of $570.00.

38.     As a result of the foregoing, Plaintiff sustained damages in the total amount of at least $253,437.92, including delinquent contributions to the Funds in the amount of $87,351.67; late charges for the delinquent contributions to the Funds in the amount of $24,212.48; underreported hours and outstanding contributions to the Funds in the amount of $140,950.77; and contribution calculation errors and outstanding contributions to the Funds in the amount of $950.00.

## AS AND FOR A FIRST CLAIM FOR RELIEF
*Delinquent Contributions Under ERISA § 515*

39.     The Funds reallege each and every allegation contained in paragraphs "1" through "38" of this Complaint, as if fully set forth herein.

40.     Section 515 of ERISA, 29 U.S.C. § 1145, requires Defendant to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the CBA between the Union and Defendant.

8

41.    Although duly demanded, Defendant has failed, neglected, and refused to make required Welfare, Pension, Annuity, and Education and Training Fund contribution payments for the periods from January 1, 2004 through September 6, 2007.

42.    As a result of the foregoing, Plaintiff has sustained damages in the amount of at least $229,225.44 as of the date of this Second Amended Complaint, plus such additional amounts, for unpaid, delinquent Welfare, Pension, Annuity and Education and Training contributions as have and may come due in accordance with Defendant's obligations under the CBAs and Trust Agreements, and have incurred attorney's fees and costs in this action.

43.    Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the CBA and Trust Agreements, Plaintiff is entitled to an award of all unpaid, delinquent Welfare, Pension, Annuity, and Education and Training contributions in the sum of at least $229,225.44, together with interest on the unpaid contributions at the rate set forth in the CBAs and Trust Agreements, plus an additional amount equal to the greater of:

(i)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements and CBA, not in excess of twenty percent of the amount that is due

together with audit fees, reasonable attorney's fees costs and disbursements incurred.

## AS AND FOR A SECOND CLAIM OF RELIEF
*Delinquent Contributions Under LMRA § 301*

44.    The Funds reallege each and every allegation contained in paragraphs "1" through "38" of this Complaint, as if fully set forth herein.

45.    Defendant's refusal and failure to make timely contributions to the Funds under the Trust Agreement is a violation of § 301 of LMRA, 29 U.S.C. § 185.

46.     As a result of the foregoing, Plaintiff has sustained damages in the amount of at least $229,225.44 as of the date of this Second Amended Complaint, plus such additional amounts for unpaid contributions as have and may come due in accordance with Defendant's obligations under the CBAs and Trust Agreements, and the reasonable attorney's fees and costs of this action.

## AS AND FOR A THIRD CLAIM OF RELIEF
*Late Charges Under LMRA § 301*

47.     The Funds reallege each and every allegation contained in paragraphs "1" through "41" of this Complaint, as if fully set forth herein.

48.     Pursuant to the CBA, Defendant is required to pay Welfare, Pension, and Annuity Fund contributions within sixty days after the end of the month in which the contributions are earned, a fact of which Defendant was and is aware.

49.     Pursuant to the CBA, Defendant is required to pay Education and Training Fund contributions at the end of each work week for which the contributions are earned, a fact of which Defendant was and is aware.

50.     Despite the passage of dates on which Defendant was required to pay Welfare, Pension, Annuity and Education and Training Fund contributions, and despite Plaintiff's demand therefor, Defendant failed to make timely contributions to the Funds for the periods from April 2003 through January 2004, April 2004 through December 2004, March 2005 through November 2005, and January through October 2006 in violation of § 301 of the LMRA, 29 U.S.C. § 185.

51.     As a result of the foregoing, plaintiff has suffered damages of total late charges in the amount of at least $24,212.48 for the periods for the periods from April 2003 through January 2004, April 2004 through December 2004, March 2005 through November 2005, and January 2006 through October 2006.

**WHEREFORE**, Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Welfare, Pension and Annuity Funds, requests the following relief:

## ON THE FIRST CLAIM
### *Delinquent Contributions Under ERISA § 515*

A.      An order requiring Defendant to permit and cooperate in the conduct of a complete audit of its books and records for the period from April 2003 to the present;

B.      A judgment against Defendant in favor of Plaintiff in the amount of at least $229,225.44 for all contributions due and unpaid to the Funds for the period from January 1, 2004 through September 6, 2007, plus such additional amounts for unpaid contributions and late charges as have and may come due in accordance with Defendant's obligations under the CBA and any subsequent CBAs and Trust Agreements;

C.      Damages for unpaid contributions as have and may hereafter come due in accordance with Defendant's obligations under the CBA and any subsequent CBAs and Trust Agreements, together with interest thereon from the date such contributions are due;

D.      Interest at the rate of ten percent per annum on all amount for contributions due and unpaid or liquidated damages equal to twenty percent of all amounts due and unpaid, whichever is greater, all as provided in 29 U.S.C. § 1132(g)(2) and the CBA;

E.      That this Court retain jurisdiction over this action to supervise enforcement of any money judgment resulting from the complete audit ordered and any further supplemental proceedings against Defendant;

F.      That plaintiff be awarded costs incurred in this matter, including but not limited to, auditing fees, attorney's fees, and court costs incurred in the prosecution of this action;

11

## ON THE SECOND CLAIM
*Delinquent Contributions Under LMRA § 301*

G.      An order requiring the Defendant to permit and cooperate in the conduct of a complete audit of its books and records for the period from April 2003 to the present;

H.      A judgment against Defendant in favor of plaintiff in the amount of at least $229,225.44 for all contributions due and unpaid to the Funds for the period from January 1, 2004 through September 6, 2007, plus such additional amounts for unpaid contributions as have and may come due in accordance with Defendant's obligations under the CBA and any subsequent CBAs and Trust Agreements;

I.      That Plaintiff be awarded costs incurred in this matter, including but not limited to, auditing fees, attorney's fees, and court costs incurred in the prosecution of this action;

## ON THE THIRD CLAIM
*Late Charges Under LMRA §301*

J.      For all late payment charges due and unpaid to the Funds in the amount of at least $24,212.48 for the periods for the periods from April 2003 through January 2004, April 2004 through December 2004, March 2005 through November 2005, and January 2006 through October 2006;

K.      That Plaintiff be awarded costs incurred in this matter, including but not limited to, attorney's fees and court costs incurred in the prosecution of this action;

## ON ALL CLAIMS

L.      Damages for unpaid contributions as may hereafter come due during pendency of this action, together with interest thereon from the date due;

M.     An order requiring Defendant to make all fringe benefit contribution payments and to supply all required information to the Funds in accordance with defendant's obligations under the CBA and any subsequent CBA and the Trust Agreements; and

N.     That this Court grant Plaintiff such other and further relief as it may deem just and proper.

Dated:  White Plains, New York
        January 4, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By: _William F. Cusack III_

William D. Frumkin (WF2173)
William F. Cusack III (WC2497)
Attorneys for Plaintiff, Adrian Huff, *et al.*
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Cservak Enterprises\Litigation\Second Amended Complaint\Second Amended Complaint.wpd\rlh